108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arshad KESHISHIAN; Golgol Khajehkian, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 12, 1997.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, Nos. Ahj-eeu-btm, Anx-dkp-wdj.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM, District Judge.**
 
 
 4
 MEMORANDUM***
 
 
 5
 Petitioners, Iranian citizens, left Iran for Dubai, where they obtained a visitor's visa for the ostensible purpose of attending their daughter's wedding in the United States. They used that visa to enter this country, then remained.
 
 
 6
 To succeed in their petition for asylum, the Keshishians would have to prove past persecution or a well-founded fear of future persecution. As evidence of past persecution, they pointed to Arshad Keshishian's detention for failing to produce his sons for military service. While Iran's conscription laws may be harsher than those in the United States, their enforcement is not tantamount to persecution on the basis of political belief. Cf. Rodriguez-Roman v. INS, 98 F.3d 416 (9th Cir.1996) (finding that lengthy imprisonment for "illegal exit" is a form of political repression). Substantial evidence supports the BIA's finding that petitioners were not victims of persecution.
 
 
 7
 As to future persecution, petitioners pointed to generalized discrimination against Armenian Christians in Iran but showed no interest on the part of Iranian authorities in them personally; thus they failed to satisfy the "objective prong" of the "well-founded fear" test. Again, substantial evidence supports the BIA's findings.
 
 
 8
 Petitioners also claim the Immigration Judge erred in denying their request for voluntary departure. They failed to raise this issue before the Board of Immigration Appeals. Because of this failure to exhaust, we lack jurisdiction to review the claim. See 8 U.S.C. § 1105a(c); Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").
 
 
 9
 Petitioners' claim that the BIA abused its discretion by failing to consider all of the relevant evidence and explain its decision is also unavailing. The Board provided a "comprehensible reason for its decision," Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995), permitting appellate review and demonstrating that the BIA had examined the circumstances underlying the petition.
 
 
 10
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3